IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 06-0203 |
| | ) |
| MARK BRADFORD YARBROUGH, SR. | ) |
| | ) |
| Defendant. | ) |

<u>ORDER OF COURT</u>

AND NOW, this 7 day of May, 2010, the Court has been advised that counsel for defendant has filed an appeal to the Court of Appeals for the Third Circuit, and on behalf of his client is seeking reimbursement for the reproduction of three transcripts: (1) a detention hearing held on June 6, 2006 before Magistrate Judge Caiazza; (2) a change of plea hearing held on May 26, 2009 before Chief Judge Lancaster; and (3) the sentencing hearing held on March 12, 2009 before Chief Judge Lancaster.

The record in this case, however, shows that defendant waived his right to appeal his conviction or sentence pursuant to his plea agreement with four discrete exceptions: (1) if the United States appealed the sentence; (2) if the sentence exceeded the statutory limits set forth in the United States Code; (3) if the sentence unreasonably exceeded the guideline range determined by the Court under the Sentencing Guidelines; or (4) if defendant appealed to raise the following issues: (a) whether the Court properly denied those portions of Doc. no. 107 regarding the Court's jurisdiction over this matter; or (b) whether the Court properly denied defendant's motion to dismiss (Doc no. 123).

THEREFORE, prior to granting defendant's request for reimbursement, counsel for defendant must submit a justification for his request including what issues are to be presented on appeal and why the transcripts are necessary to these issues, or otherwise show why the United States District Court for the Western District of Pennsylvania should order reimbursement for the payment of the aforementioned transcripts when defendant's plea agreement narrowly limited his appeal rights.

BY THE COURT:

_____, C. J.

cc: Ross E. Lenhardt, Esq.